Good morning, Mr. Black. I would ask for a minute in rebuttal? Yes, you may have. Thank you. This hearing of 782, which the defendant filed initially pro se, filed a pro se briefing and I said, did a nice job. I was appointed by the court to do a supplemental brief and I assumed to argue, which is why I'm here. I added a little bit, focusing on the fact that the judge didn't do a hearing, didn't hold a hearing, and in my opinion, didn't consider the factors appropriately. It's interesting, if you look at the order in Addendum 6, the judge checks a box that says I considered the 3553 factors and didn't list them at all. If you look at the docket, which is, and that was Addendum 6, if you look at the docket, which is Appendix 22, Item 4618, it's the order regarding the amendment that says I am considering the defendant's role in the offense, possession of a firearm, as well as his conduct at the Bureau of Prisons. It says signed by Judge Goethe, but it's parentheses MET, which is we checked and that's the clerk of the court, and I don't know if that's common practice or not. I've never seen anything like that before. But the order itself doesn't list any 3553 reasons, other than the fact that he considered them. So Counselor, you're familiar with our case, U.S. v. Zayas-Ortiz? Yes. And so the question is, how do we get around that? What distinguishes this case from that one? Which, if there's no distinction, why wouldn't it be binding? Well, I would say that there is a distinction, because in that case, they did consider the factors. In this case, this didn't at all. At all. Well, he said he did. He said he did, but he didn't have a hearing, which is, I still think, required under a resentencing. A hearing, in my fourth argument, I stated that the fact that this court has said over and over again that a hearing on 3553 factors is mandatory, and the judge didn't do it at all. And there are reasons in this case for the judge to have done it. The defendant had run an explanation for the one hit that he had while he was in jail, which was that he called his mom to tell him that there was going to be this breaking and smuggling of drugs. So his mom and dad went to visit him. That happened wasn't him, and that he got blamed for it. And the prison wanted to know who did it, and he didn't tell them. So that was his one disciplinary action while he was in jail. In the meantime, he got his GED. He has all these courses that are listed in both his brief and my brief. And he was appointed like a supervisor or something of one of the work crews, which was stated was a position of trust. I haven't seen anywhere that that was considered by the judge in denying it. This was recommended by the magistrate for the judge to consider. Probation recommended a reduction, and the judge just says, denied. And I am arguing that in this case that constitutes an abuse of discretion on the judge's part. He should have at least considered, he should have at least had a discussion about it. And the one word in the order, denied, well actually it wasn't even a word, he checked the box. Denied doesn't indicate to anybody that he gave due consideration to the factors involved, any of the 33 factors involved. Other than the gun. And the argument of course on the gun was that he gave him a two-level increase for the gun anyway, and now he's considering the gun as a reason not to give him a two-level decrease under 782. He's getting out next year. He's getting out like in April, May of next year. So really what we're talking about is about 10 months. And of course 10 months is a lot of time for anybody. And if this court sends it back and we get a quick resentencing and the judge does consider it, then they'll get out. Can you go back to Judge Thompson's question? How do you distinguish the procedures that were followed in Zayas v. Ortiz from those followed here? How do you say there was more of a hearing in Zayas v. Ortiz? Well, I think the judge did at least list some reasons on the order, unless I'm incorrect, but I thought he did in Zayas v. Ortiz. Here he didn't list anything. I mean, the only way he listed anything was the docket entries. And again, the court did that, and we checked that. So in response to my question, you seem to be focusing more on the expression of the judge's conclusion rather than the procedure followed prior to announcing that conclusion. I am. And you're calling that the lack of a hearing? There wasn't a hearing here. But how were the procedures prior to the announcement of the decision different in Zayas v. Ortiz than they are here? I guess I'm focusing on what the order was in Zayas v. Ortiz. I think the order in Zayas v. Ortiz he did list more than just denied, unless I'm wrong. My memory of Zayas v. Ortiz is that he at least, maybe the procedure was the same, Judge Kayada, but he did list reasons for the denial, whereas here he checked the denial box. Well, don't we have to presume that it was the judge's listing? I doubt the clerk just made it up when he listed the possession of the firearm and the other two items. I doubt that the clerk made it up either, but it's on... So if we presume that that is the judge's statement of his reasoning, then what is there that is deficient in that statement? I would ask the court not to presume. I mean, I understand what you're saying. You don't want to say that the clerk made this up. Of course the clerk didn't make this up, but it's on a docket entry. It's not even on an order. Well, don't we have to presume that the clerk made the entry at the direction of the judge? Does the court have to presume that? Yeah. So if the court is presuming that, is that a substitute for the order? I mean, I'm asking. I don't know the answer. I did call some clerks that I know just to ask, is that normal procedure? And, again, this is just me calling clerks because I've never seen this. And some of the clerks said, no, it's not. But that's just... Because I never saw this before, that there is a docket entry that's different than the order. I mean, the order doesn't say this. The order is like on addendum 6, and it's just a box. And how is that a serious consideration of the 3553 issues? He doesn't say anything about the fact that there was an explanation for his, quote, conduct in prison, or doesn't say he's considering any of the things related to the GED or any of the things that he's done while he was in prison. Well, he used... I think you should probably assume from these questions at this point we may interpret that as the judge's statement, not the clerk's. When the judge says, assuming it was the judge, that it was his conduct at the Bureau of Prisons, to what are we to read that as a reference? Well, there's that one incident that I just referred to. And, again...  There is a description of what happened in prison that the government in its briefs seems not to have adopted. So in the absence of a hearing, what we have are the government's representations and your client's representations. All we know is that there seems to be a conflict there. And all we know is the district judge refers to the issue but doesn't tell us which version he's adopting. He does not. But he also doesn't give any credence at all to the positive aspects. Okay. So it's not only negative, it's positive. Which he... You may answer and then you have one minute of rebuttal. So keep your answer short. It's just that he didn't consider the positives at all, at least in his order. And even in the documentary. Thank you. Good morning, Your Honors. May it please the Court. AOSA Maiden Schwartz for the United States. Zaius Ortiz talks about this Court's holdings in the sentencing context where it says the district court's statement that it has considered the 3553 factors is entitled to significant weight and noted that Zaius Ortiz offered no reason to think that this context was any different. Counsel, you may be focusing at the wrong time. At the wrong target. Okay. Judge Kayada was trying to draw a distinction between the procedures and then whether there were problems with the judge's articulation of what he was doing. I asked a series of questions about the judge's articulation that referenced a particular issue, his conduct in prison, but didn't tell us anything about what he meant by that conduct. So could you please refocus your argument a little bit? Certainly. So what we know from the docket entry is that the Court gave three reasons for his denial. The first was defendant's role in the offense, which was a supplier of firearms. Are you saying the conduct in prison was irrelevant because there were three reasons? Certainly it's not the only reason that was given for the denial. No, I'm trying to get the government's position here. Are you actually saying the conduct in prison was irrelevant to the decision? No, it was not irrelevant because it was one of the three reasons. Okay, and you concede it was material. Not just relevant, it was material to the decision. The government's position is that the other two reasons, even if we discarded the conduct in prison, the other two reasons were sufficient for the denial. But the judge didn't say that. That's true. So on what basis can the government make this assertion? Well, we can't discard the other two reasons, right? No, I'm not asking that. I'm asking the government to be more careful in its representations. He might have thought each of the reasons was worth seven months, and he adds them up and gets his 20, 21 months, and therefore says we don't know. He just gave us three reasons. So if one of them doesn't work, then we don't know what the judge would have done, do we? Well, I would submit that the only co-defendant who was sentenced in the same case by the same judge who was mentioned in Appellant's filings was someone who did receive a 3582 reduction, and I think it's telling that that defendant was someone who did not have any firearms charges. I think by examining the record there, we can see that the context of the firearms was very important to this judge. If we assume, and I know you're not saying you're conceding, but if we assume that the judge listed three reasons because he was relying on three reasons cumulatively, is there a problem with that third reason when he says, as well as his conduct at the Bureau of Prisons, to what should we read the judge as referring? The prosecution's description of the conduct at the Bureau of Prisons or the defendant's description? I believe there are two ways that it can be read, and the first would be that it is adopting the government's arguments that the conduct at BOP on the whole is negative because he had, undisputedly, he at least was punished for a violation involving a hazardous tool and importation of drugs and alcohol. And when you say at least? Which occurred prior to his first sentencing. Correct. Correct. But that's still part of the defendant's history and characteristics. It's still information that the judge is entitled to take account of when it evaluates the 3582 motion. But it's okay for the judge not to even mention or comment on any of his positive conduct while he was incarcerated. Well, that brings me to the other interpretation, which is you could easily read his conduct at the Bureau of Prisons to be the entirety of his conduct, both positive and negative. It's not solely positive conduct. It has both, and I think both parties agree with that. There's not an unblemished history in prison. And so if he evaluated the conduct as a whole. But it was conduct occurring before that would have been taken into account at the time of his original sentence. Yes, just as the offense conduct would have been. Can we read the prosecutor's statement, whether intended or not, as indicating that he had been subject to disciplinary sanctions that included, but were not limited to, possession of a hazardous tool and introduction of drugs and alcohol, and that those incurred post-sentencing? Because that's my concern, is that when I read the prosecutor's statements there, it seems to suggest that they're just giving two examples of more, and that they're also suggesting that it was post-sentencing conduct, which I could see as being very relevant to a judge, that even after a sentence you're still doing stuff. So if we can read the prosecutor's statements as saying that, and we know from the record that both suggestions are wrong, the suggestion that there were more than two for the suggestion that it was post-sentencing, then don't we have the possibility that the judge here was relying on an inaccurate understanding of the relevant conduct? No, Your Honor, and the reason for that is that the record must be looked at as a whole. So there's not just the prosecutor's statements before the judge. The trial judge must do that. Do we have any indication the trial judge did, once the government made its filing, which was slightly misleading, at least, to be charitable? This Court has held that just because a judge doesn't address an argument that's advanced by... Your Honor, no, my question has to do with the government making statements to the district court, which could be understood to have been misleading in two different respects, as Judge Kayada has just outlined to you, and the judge relying on that. Okay, let me address each of those in turn then. First, talking about the including language, I believe that's standard language that is used generally, solely because we may not always have up-to-the-date information about defendants' violations. It's available to you. Excuse me? You can get up-to-the-date information so that you can give the judge an accurate indication as to whether it's pre or post and whether it's one or more than one. That's not information that's not available. So information, for instance, between the time that we file the papers and the judge renders a decision, any violations that might occur in that time would not be, obviously, in the papers. So it seems to me a fair way to say he has violations including these, just because we may not always know if there's something else out there. I'm sorry, Your Honor? Maybe the government should rethink the use of standard language, which could prove to be misleading on the facts of a given case. Yes, Your Honor. I will certainly take that comment back to my colleagues and suggest a change. Can I just ask you, when you look at a case like this, the question I have more generally is, when would we ever find an abuse of discretion if this isn't one? Well, for one example would be a case in which the judge doesn't say that it's considered the 3553 factors. Another much closer case would be one in which the judge doesn't wait for the papers, the memorandum in support of the motion or the opinion of the government or the probation officer. If there's reason to think that the judge may have made a decision without having all of the information from all sides, that would also certainly be a closer case. But that's not what happened here. He waited for the submissions of the probation officer, the defendant, and the government before making his ruling. He also, of course, had the benefit of that. Based upon that last suggestion, if we make a determination that the judge may have been misled, then it would be reasonable for us to conclude that there's an abuse of discretion in this instance? I think it would have to be a misleading statement that was also material. And in this instance, I don't believe that it is. It's hard to determine if the judge gives three reasons and you're telling us to disregard one and only rely on two, that one out of three isn't material. Answer the question. Yes, Your Honor. So I would say that given the statements from the probation officer and from the defendant himself, there is sufficient reason to think that the judge was not misled by any suggestion that this might have been post-sentencing or that there were other violations, because everyone agreed what the violations were and the defendant explained when it happened and had the opportunity to explain the circumstances of that violation as well. Thank you. Counsel? I don't have anything else. What a wise decision on your part. Thank you. Thank you, Your Honor.